# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:19-cv-00240-MR

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| JOSEPH RILEY JOHNSON, | ) | |
| HIGHLANDS AT CULLOWHEE, LLC, | ) | |
| and JOMCO, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Response to Court's April 3, 2020 Order [Doc. 14] and Request to Set Jury Trial to Determine Damages." [Doc. 15].

The Plaintiff David Oppenheimer (the "Plaintiff") initiated this action against the Defendants Joseph Riley Johnson, Highlands at Cullowhee, LLC, and JOMCO, Inc. (the "Defendants") on August 13, 2019. [Doc. 1]. The Plaintiff's complaint included a demand for a jury trial on the Plaintiff's claims for copyright infringement under the Copyright Act and violations of the Digital Millennium Copyright Act ("DMCA"). [Doc. 1].

In October 2019, the Plaintiff filed affidavits of service indicating that the Defendants had been served. [Docs. 7, 8, 9]. The Defendants, however, did not make an appearance or otherwise defend the action. On December 5, 2019, the Plaintiff filed a Motion for Entry of Default against the Defendants. [Doc. 11]. On December 10, 2019, the Clerk made an entry of default against the Defendants. [Doc. 13].

On April 3, 2020, the Court entered an Order instructing the Plaintiff to file an appropriate motion or otherwise take further action with respect to the Defendants. [Doc. 14]. On April 15. 2020, the Plaintiff filed the present "Response to Court's April 3, 2020 Order [Doc. 14] and Request to Set Jury Trial to Determine Damages." [Doc. 15]. In that filing, the Plaintiff requests a jury trial for the purposes of setting the amount of damages to be awarded. [Id. at 3]. According to the Plaintiff, "the task of determining statutory damages is better suited to the opinions of multiple individuals who will likely bring different perspectives, opinions, and insights about the variables to be considered." [Id.].

To begin, the Plaintiff is not entitled to a jury trial based on the present record because there currently is no issue for a jury to decide. The Plaintiff's request for a jury trial is limited to the issue of damages. [Doc. 15 at 3]; see Fed. R. Civ. P. 38(c) ("In its demand, a party may specify the issues that it

2

wishes to have tried by a jury."); <u>Bavelis v. Doukas</u>, No. 2:17-CV-0327, 2019 WL 101916, at *7 (S.D. Ohio Jan. 4, 2019) (stating that after a default judgment has been entered, damages are the lone issue remaining for "a jury trial because liability has already been determined."). In order to hold a trial on the Plaintiff's damages, however, the Court must first determine that the Defendants are liable to the Plaintiff on the claims presented. That has not yet occurred. The Plaintiff has not yet even moved for a default judgment. As such, the Plaintiff's request for a jury trial [Doc. 15] will be denied as premature.

In anticipation of the Plaintiff filing a motion for default judgment, the Court will note that the Plaintiff's entitlement to a jury on the issue of damages is questionable. A prevailing plaintiff in a copyright infringement case may elect to recover either actual or statutory damages under the Copyright Act. <u>See</u> 17 U.S.C. § 504(b) (A plaintiff can "recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."); 17 U.S.C. § 504(c)(1) (A plaintiff "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements . . . with respect to any one work . . . in a sum

3

of not less than $750 or more than $30,000.").  According to the Plaintiff's motion, he elects statutory damages rather than actual damages.  [Doc. 15 at 3 (stating that "a jury would provide the best means of assessing an award of statutory damages . . .")].  The Plaintiff makes clear in his Complaint [Doc. 1] and in his Request to Set Jury Trial [Doc. 15] that he seeks a jury trial only as to the award of statutory damages. [Doc. 1 at 13, Doc. 15 at 3].  A plaintiff, however, has no right to a jury trial on the issue of statutory damages. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 346 (1998) ("The language of § 504(c) does not grant a right to have a jury assess statutory damages.").  As such, the Plaintiff has no statutory right to a jury trial regarding the damages he seeks in this copyright infringement claim under § 504 the Copyright Act.

As to a statutory jury right for DMCA damages, the Court notes that the DMCA likewise has no provision granting a right to a jury trial on the issue of damages.  The Plaintiff cites no authority allowing such.  Therefore, Plaintiff is not entitled to a jury trial on that claim.[1]

---

[1] The Court also notes that it is questionable whether a jury is available to award damages in Federal Court (unlike the North Carolina courts) for any default judgment.  Under Rule 38(a), a plaintiff has a right to a jury trial if one is granted by the Seventh Amendment to the Constitution or a federal statute.  Fed. R. Civ. P. 38(a).  As to the Plaintiff's constitutional right to a jury trial, "the overwhelming weight of authority instructs that the Seventh Amendment does not guarantee a jury trial after default."  Armeni v. Transunion LLC, Inc., No. 3:15-CV-00066, 2016 WL 7046839, at *2 (W.D. Va. Dec. 2, 2016) (citation omitted). Cf., Bavelis, 2019 WL 101916 at *7.  As such, it is unclear whether the Plaintiff

4

For these reasons, the Court questions whether the Plaintiff will be able to ultimately show that he is entitled to a jury trial on his damages. <u>See</u> Fed. R. Civ. P. 38(a).[2]

---

has a right to a jury trial under the Seventh Amendment and under Rule 38(a) in this case for this reason as well.

[2] Even though it is clear that the Plaintiff has elected statutory damages in lieu of actual damages, had the Plaintiff requested actual damages, the Court questions the Plaintiff's ability to proceed with such a claim herein. Ordinarily, statutory damages are more appropriate than actual damages where a defendant has defaulted. <u>See</u> <u>Microsoft Corp. v. McGee</u>, 490 F.Supp.2d 874, 882 (S.D.Ohio 2007) ("[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."); <u>Jackson v. Sturkie</u>, 255 F. Supp. 2d 1096, 1101-02 (N.D. Cal. 2003) ("[s]tatutory damages [are] particularly appropriate in a case, such as this one, in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages."); <u>Cate Brown Photography v. David-Jacobs Publ'g Grp., LLC</u>, No. 8:19-CV-447-T-02CPT, 2019 WL 4039986, at *2 (M.D. Fla. Aug. 27, 2019) (statutory damages are "especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed."). As the Plaintiff himself recognized when he filed his complaint, his actual damages were in an amount "not yet ascertained, but which discovery will illuminate." [Doc. 1 at ¶ 41]. Given that there has been no discovery in this case, the Court questions how the Plaintiff would prove his actual damages if he had elected such damages.

Moreover, it is unclear if a Court is compelled to award actual damages instead of statutory damages upon a plaintiff's request if it finds that an award of statutory damages is more appropriate. <u>Wondie v. Mekuria</u>, 742 F. Supp. 2d 118, 125 (D.D.C. 2010) ("Although usually awarded upon the plaintiff's request, a court may exercise its discretion to award statutory damages even if the plaintiff does not specifically request such an award.") (citation omitted). For instance, courts can award statutory damages instead of actual damages where "the inadequacy of proof as to both profits and damages . . . show[s] . . . a case for the exercise of a proper judicial discretion in fixing statutory damages." <u>Dan Kasoff, Inc. v. Palmer Jewelry Mfg. Co.</u>, 171 F.Supp. 603, 607 (S.D.N.Y.1959).

5

**IT IS THEREFORE ORDERED** that Plaintiff's Request to Set Jury Trial

to Determine Damages [Doc. 15] is **DENIED** as premature, but this is without

prejudice to Plaintiff bringing such a request in a motion for default judgment.

Signed: April 21, 2020

Martin Reidinger
United States District Judge