IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00240-MR

| | |
|---|---|
| DAVID OPPENHEIMER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JOSEPH RILEY JOHNSON, )<br>HIGHLANDS AT CULLOWHEE, LLC, )<br>and JOMCO, INC., )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Response to Court's June 4, 2020 Order [Doc. 18] and the Plaintiff's Motion for Entry of Default Judgment on Liability and Request for Jury Trial on Damages. [Doc. 19].

I. **BACKGROUND**

On August 13, 2019, the Plaintiff David Oppenheimer (the "Plaintiff") initiated this action against the Defendants Joseph Riley Johnson, Highlands at Cullowhee, LLC, and JOMCO, Inc. (the "Defendants"). [Doc. 1]. The Plaintiff's Complaint asserted claims against the Defendants for non-willful copyright infringement, willful copyright infringement, vicarious copyright

infringement, contributory copyright infringement, and violations of the Digital Millennium Copyright Act ("DMCA"). [Doc. 1 at ¶¶ 18-40]. The Plaintiff's Complaint included a demand "for a jury trial on all issues." [Id. at 14].

In October 2019, the Plaintiff filed affidavits of service indicating that the Defendants had been served. [Docs. 7, 8, 9]. The Defendants, however, did not make an appearance or otherwise defend the action. On December 5, 2019, the Plaintiff filed a Motion for Entry of Default against the Defendants. [Doc. 11]. On December 10, 2019, the Clerk entered a default against the Defendants. [Doc. 13].

On April 3, 2020, the Court entered an Order instructing the Plaintiff to file an appropriate motion or otherwise take further action with respect to the Defendants. [Doc. 14]. On April 15, 2020, the Plaintiff filed a "Response to Court's April 3, 2020 Order [Doc. 14] and Request to Set Jury Trial to Determine Damages" requesting a jury trial for the purposes of setting the damages to be awarded. [Doc. 15 at 3].

On April 21, 2020, the Court entered an Order denying the Plaintiff's request for a jury trial regarding damages as premature because there had not yet been a determination of the Defendants' liability. [Doc. 16]. In that Order, the Court noted that it was questionable whether the Plaintiff was entitled to a jury trial regarding his damages at all. [Doc. 16 at 3-5].

On June 4, 2020, the Court entered an Order instructing the Plaintiff to show cause why this action should not be dismissed due to his failure to prosecute. [Doc. 17]. On June 12, 2020, the Plaintiff filed a Response to that Order asking this Court to "retain this case on its docket, enter default judgment in favor of Oppenheimer on Defendants' liability, and then to set this case for trial by jury to assess damages." [Doc. 18 at 1]. On June 19, 2020, the Plaintiff filed a Motion for Entry of Default Judgment on Liability and Request for Jury Trial on Damages. [Doc. 19].

## II. STANDARD OF REVIEW

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08-cv-5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D.W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, 2006 WL 1720681, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the

3

relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). By such a default, a defendant admits the well-pleaded factual allegations in the plaintiff's complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The well-pleaded factual allegations of the Plaintiff's Complaint are deemed admitted by virtue of the Defendants' default. Id. The following is a summary of the relevant and admitted facts.

The Plaintiff is a citizen of North Carolina engaged in the professional photography business. [Doc. 1 at ¶ 3]. The Plaintiff captured the photograph at issue in this matter (the "Work") and registered it with the Register of Copyrights at the U.S. Copyright Office. [Id. at ¶ 9; Doc. 1-2]. The Work consists of an aerial photograph of Western Carolina University. [Doc. 1-1]. The Plaintiff is the sole owner and proprietor of all right, title, and interest in and to the copyrights of the Work. [Doc. 1 at ¶ 10].

The Plaintiff makes his photographs available online for print and licensing through his website. [Id. at ¶ 8]. The Plaintiff's custom and business practice is to display his copyright management information ("CMI")

4

relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). By such a default, a defendant admits the well-pleaded factual allegations in the plaintiff's complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The well-pleaded factual allegations of the Plaintiff's Complaint are deemed admitted by virtue of the Defendants' default. Id. The following is a summary of the relevant and admitted facts.

The Plaintiff is a citizen of North Carolina engaged in the professional photography business. [Doc. 1 at ¶ 3]. The Plaintiff captured the photograph at issue in this matter (the "Work") and registered it with the Register of Copyrights at the U.S. Copyright Office. [Id. at ¶ 9; Doc. 1-2]. The Work consists of an aerial photograph of Western Carolina University. [Doc. 1-1]. The Plaintiff is the sole owner and proprietor of all right, title, and interest in and to the copyrights of the Work. [Doc. 1 at ¶ 10].

The Plaintiff makes his photographs available online for print and licensing through his website. [Id. at ¶ 8]. The Plaintiff's custom and business practice is to display his copyright management information ("CMI")

on his copyrighted photographs when they are first published to the website. [Id. at ¶ 11]. The Work displayed the Plaintiff's CMI when it was first published on his website. [Id.].

The Defendants are citizens of Georgia. [Id. at ¶¶ 4-6]. Defendant Joseph Riley Johnson is the owner, officer, manager, director, and/or other principal of Highlands at Cullowhee, LLC, a Georgia limited liability company that operates an apartment property in Cullowhee, North Carolina. [Id. at ¶¶ 4-5]. Defendant JOMCO, Inc. is a Georgia corporation that developed, constructed, and managed that apartment property and created and managed the website www.highlandsatcullowhee.com to advertise it. [Id. at ¶ 6]. The Defendants uploaded and published the Work to two URLs associated with that website.[1] [Id. at ¶¶ 11, 13]. The Defendants, or someone on their behalf, removed the Plaintiff's CMI and copyright notice from the copies of the Work before displaying them. [Id. at ¶ 24].

## IV. DISCUSSION

### A. Jurisdiction

District courts have "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights,

---

[1] The Work was posted at http://www.highlandsatcullowhee.com/cullowhee.html and http://www.highlandsatcullowhee.com/11.jpg.

and trademarks." 28 U.S.C. § 1338(a); see also 28 U.S.C. § 1331. Accordingly, this Court has subject-matter jurisdiction over the above-captioned civil action because it involves a federal question. [Doc. 1 at ¶ 1].

The Court must also have personal jurisdiction over the Defendants as required to render a valid default judgment. For the Court to have personal jurisdiction, the Plaintiff must prove, by a preponderance of the evidence, that exercising jurisdiction will (1) comply with the forum state's long-arm statute and (2) comport with the due process requirements of the Fourteenth Amendment. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). Because North Carolina's long-arm statute has been construed to extend as far as due process allows, Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001), this two-pronged test is collapsed into the single inquiry of whether the exercise of personal jurisdiction over the defendant comports with due process. Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014).

The Plaintiff's Complaint contains jurisdictional facts sufficient to support the exercise of personal jurisdiction by setting forth that (1) the Defendants have done business within North Carolina [Doc. 1 at ¶¶ 4-6]; (2) the Defendants own or manage property in North Carolina [id.]; and (3) the

6

subject of the Defendants' infringement depicts scenes within this forum and attempts to drive business towards this forum. [Doc. 1-1]. Given those contacts with this forum, the Defendants should have reasonably anticipated being haled into court here, particularly with respect to their North Carolina property and any activities attendant thereto.

The Plaintiff has also complied with his obligations to effectuate service of process by serving each the Defendants with a summons and a copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. [Doc. 7; Doc. 8; Doc. 9]. Finally, venue is proper under 28 U.S.C. § 1391(b) and (c). Accordingly, this Court has jurisdiction over this matter.

### B. Direct Copyright Infringement

In Count I and II of the Complaint, the Plaintiff asserts claims against the Defendants for non-willful copyright infringement and willful copyright infringement. [Doc. 1 at ¶¶ 18-25]. While the Plaintiff presents separate claims for non-willful copyright infringement and willful copyright infringement, those claims are separate only to the extent that willful copyright infringement allows an increased award of statutory damages. See 17 U.S.C. § 504.

"Copyright infringement occurs when a person 'violates any of the exclusive rights of the copyright owner.' 17 U.S.C. § 501(a). Therefore, the

two elements of an infringement claim are (1) ownership of a valid copyright and (2) encroachment upon one of the exclusive rights afforded by the copyright." Elektra Entertainment Group, Inc. v. Doe, No. 5:08-cv-1159-FL, 2008 WL 5111886 (E.D.N.C. Dec. 4, 2008) (citing Avtec Systems, Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir. 1994)). "A certificate of registration issued by the Copyright Office is 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate,' such as ownership." Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 428 (4th Cir. 2010), as amended (Aug. 24, 2010) (citing 17 U.S.C. § 410(c)).

The Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration reflecting his copyright in the Work as of November 21, 2013. [Doc. 1-2]. As such the Plaintiff has demonstrated that he owns a valid copyright to the Work. The Plaintiff has also established that the Defendants copied the Work and uploaded it to two webpages without authorization despite its copyright protection. [Doc. 1 at ¶¶ 11-14, 15, 19, 24, 28, 32]. Accordingly, the Plaintiff has pled sufficient factual allegations, which are deemed admitted by the Defendants' default, to

8

establish that the Defendants encroached on the copyright and are liable for copyright infringement.[2]

With regard to whether the Defendants' infringement was willful, "[t]he standard for willfulness is whether the defendant knew that his conduct represented infringement or recklessly disregarded that possibility." EMI Apr. Music Inc. v. Rodriguez, 691 F. Supp. 2d 632, 636 (M.D.N.C. 2010) (citing Hamil Am., Inc. v. GFI, 193 F.3d 92, 97 (2d Cir. 1999)). The Plaintiff's allegations state that the Defendants removed the Plaintiff's CMI and copyright notice from the face of the Work before uploading it to their site. [Doc. 1 at ¶ 24]. As such, the Defendants had knowledge that the Work was copyrighted and either knew or recklessly disregarded the fact that copying the Work and uploading it could constitute copyright infringement. Accordingly, the Plaintiff's allegations, deemed admitted by the Defendants' default, establish that the infringement here was willful.

### C. DMCA Violations

The DMCA prohibits a person, "without the authority of the copyright owner or the law," either to "intentionally remove or alter any copyright

---

[2] Having found that the Defendants are liable for direct copyright infringement, the Court need not address the Plaintiff's claims against Defendant Johnson for contributory copyright infringement or vicarious copyright infringement. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 931 (2005).

management information" 17 U.S.C. § 1202(b)(1), or to "distribute" work "knowing that copyright management information has been removed or altered," id. § 1202(b)(3). The DMCA requires that the action be taken by a person "knowing or . . . having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement." Id. § 1202(b).

Taking the allegations in the Plaintiff's Complaint, along with the evidence set forth in the Plaintiff's declaration submitted in support of this Motion for Default Judgment, the Court finds that the Plaintiff has established that the Defendants posted the Work on two different webpages with the CMI removed, without authorization. [Doc. 1 at ¶ 13]. The Court also finds that the Defendants distributed the Work while knowing or having reasonable grounds to know that the Plaintiff's CMI had been removed or omitted without authorization and that the action would induce, enable, facilitate, and/or conceal an infringement of the Plaintiff's copyrights. [Id. at ¶ 38]. As such, the Plaintiff's allegations, deemed admitted by the Defendants' default, establish that the Defendants violated the DMCA here. The Court further finds that the Defendants' conduct constitutes two separate violations of the DMCA because it involved uploading the Work to two separate webpages. Stockwire Research Grp., Inc. v. Lebed, 577 F. Supp. 2d 1262, 1266 (S.D. Fla. 2008) (finding that defendants posted the protected material "on the

internet on three separate occasions, and therefore committed three violative acts."); Granger v. One Call Lender Servs., LLC, 2012 WL 3065271, at *5, (E.D. Pa. July 26, 2012) (finding that the defendants "posted the infringing product onto the internet on six separate occasions . . . thereby committing six violative acts.").

Because the Court concludes that the Defendants are liable for willful copyright infringement and two violations of the DMCA, the Court will grant the Plaintiff's Motion for Default Judgment as to the Defendants' liability on those claims.

### D. Plaintiff's Request for a Jury Trial on Damages

Having decided the question of liability, the Court now must turn to the question of damages and the Plaintiff's request for a jury trial on that issue. [Doc. 20 at 16].

Under Rule 38(a), a plaintiff has a right to a jury trial if one is granted by a federal statute or the Seventh Amendment. Fed. R. Civ. P. 38(a). A prevailing plaintiff in a copyright infringement case may elect to recover either actual or statutory damages under the Copyright Act. See 17 U.S.C. § 504(b) (stating that a plaintiff can "recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in

computing the actual damages."); 17 U.S.C. § 504(c)(1) (stating that a plaintiff "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements . . . with respect to any one work . . . in a sum of not less than $750 or more than $30,000."). While plaintiffs have a right to a jury trial when seeking actual damages under 504(b), "[t]he language of § 504(c) does not grant a right to have a jury assess statutory damages." Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 346 (1998).

The Plaintiff makes clear that he seeks statutory damages here. [Doc. 20 at 16 (stating that the Plaintiff seeks "damages in the form of statutory damages.")]. Indeed, the Plaintiff's Complaint [Doc. 1 at 13], and Request to Set Jury Trial [Doc. 15 at 3], confirm that he wants a jury trial only as to the award of statutory damages. The Copyright Act, however, provides no statutory right to a jury trial on the issue of statutory damages. Feltner, 523 U.S. at 346 ("The language of § 504(c) does not grant a right to have a jury assess statutory damages."). As such, the Plaintiff has no statutory right to a jury trial under § 504 of the Copyright Act.

Likewise, the DMCA has no provision that grants a right to a jury trial on the issue of damages. As such, the Plaintiff has no statutory right to a jury trial as to the damages he seeks under the DMCA. Accordingly, the

12

Court concludes that the Plaintiff has no statutory right to a jury trial on the damages he seeks here.

The Court turns next to whether the Plaintiff has a constitutional right to a jury trial. Under Federal Rule of Civil Procedure 55(b)(2), "the court may conduct hearings or make referrals—preserving *any federal statutory right to a jury trial*—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages. . . ." (emphasis added). As such, Rule 55 "presupposes that a default judgment extinguishes the constitutional right to a jury trial." Frankart Distributors, Inc. v. Levitz, 796 F. Supp. 75, 76 (E.D.N.Y. 1992). "[T]he overwhelming weight of authority instructs that the Seventh Amendment does not guarantee a jury trial after default." Armeni v. Transunion LLC, Inc., No. 3:15-CV-00066, 2016 WL 7046839, at *2 (W.D. Va. Dec. 2, 2016) (citation omitted). Indeed, "[c]ase law dating back to the eighteenth century . . . makes clear that the constitutional right to [a] jury trial does not survive the entry of default." Benz v. Skiba, Skiba & Glomski, 164 F.R.D. 115, 116 (D. Me. 1995) (citing Brown v. Ban Braam, 3 U.S. 344, 3 Dall 344, 1 L.Ed. 629 (1797)); see, e.g., Olcott v. Del. Flood Co., 327 F.3d 1115, 1124 (10th Cir. 2003); Sells v. Berry, 24 F. App'x 568, 571 (7th Cir. 2001); Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999); In re Dierschke, 975 F.2d 181, 185 (5th Cir. 1992); Henry v. Sneiders, 490

F.2d 315, 318 (9th Cir. 1974).³  Notably, courts have denied jury trial requests in Copyright Act cases following a default. <u>Verizon California Inc. v. Onlinenic, Inc.</u>, No. C 08-2832 JF (RS), 2009 WL 2706393, at *2 (N.D. Cal. Aug. 25, 2009); <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1414 (9th Cir. 1990): <u>Manno v. Tenn. Production Ctr., Inc.</u>, 657 F.Supp.2d 425, 429 (S.D.N.Y. 2009); <u>CountrymAn Nevada, LLC. v. Suarez</u>, No. 6:15-CV-0436-SI, 2016 WL 5329597, at *4 (D. Or. Sept. 22, 2016); <u>Teri Woods Publ'g, L.L.C. v. Williams</u>, No. CIV.A. 12-4854, 2013 WL 6179182, at *4 (E.D. Pa. Nov. 25, 2013).

While the Plaintiff cites some cases where district courts have questioned whether a constitutional right to a jury trial survives an entry of default and thus granted a jury, those cases appear to represent the minority view.  None of those courts, however, have held that the that the jury right actually survives; the jury was granted as an exercise of discretion.  Those cases certainly do not constitute controlling precedent herein.  The Plaintiff has cited to no cases at the Circuit Court or District Court level that have held that the jury right survives default.  Notably, however, this Court has previously held that parties have no constitutional right to a jury trial after a

---

³ The constitutional right to a jury trial does not survive default even when the jury demand was made by the non-defaulting party. <u>Mwani v. Bin Ladin</u>, 244 F.R.D. 20, 23-24 (D.D.C. 2007); <u>Patray v. Nw. Pub., Inc.</u>, 931 F. Supp. 865, 870 (S.D. Ga. 1996).

14

default.  Parlier v. Casteen, No. 5:14-CV-00085-RLV-DCK, 2016 WL 3032692, at *2 n.2 (W.D.N.C. May 26, 2016) (Voorhees, J.).  Moreover, the Court finds the majority approach is more consistent with long-standing precedent.  As such, the Court concludes that the Plaintiff has no constitutional right to a jury trial on his damages claim because a default has been entered in this case.

Notwithstanding the fact that the Plaintiff has no constitutional or statutory right to a jury trial here, he argues that the Court would be within its discretion to impanel a jury to assess his damages.  [Doc. 20 at 19].  The Plaintiff contends that "fairness dictates" that result because the Plaintiff would have a constitutional right to have a jury assess his statutory damages under the Copyright Act if the Defendants had not defaulted.  [Id. at 19-21].  The Plaintiff also argues that a jury would provide the best means for assessing damages here.  [Id.].  Juries, however, are well suited to determine the facts where advocates for both sides ably present their opposing contentions.  When only one side is presented, the underlying function of the jury (in civil cases) is largely absent.  Therefore, the Court is better suited to determine what damages have been proven where there has been a default.  The Plaintiff has cited no authorities that have concluded otherwise.

15

Another reason the Court is in a better position than a jury to assess the damages in this case is that it is particularly familiar with the issues presented in these copyright infringement actions. "[T]he Plaintiff has filed several other copyright infringement lawsuits in this District within the last year alone." Oppenheimer v. Griffin, No. 1:18-CV-00272-MR-WCM, 2019 WL 7373784, at *7 (W.D.N.C. Dec. 31, 2019) (collecting cases) appeal docketed No. 20-1112 (4th Cir. Jan 31, 2020). The Court is also familiar with the Plaintiff's business because it recently assessed damages in a comparable case where the Plaintiff sought statutory damages under the Copyright Act and the DMCA following a default judgment. Id.[4] Given the Court's familiarity with the issues presented in this case, judicial economy and responsible stewardship of judicial resources weigh in favor of the Court assessing the damages here instead of a jury. Accordingly, the Court will deny the Plaintiff's requests for a jury trial and will assess the damages in this case.

---

[4] Where the Court is faced with very similar (even identical) circumstances, the law calls for the issues to be decided consistently and uniformly. If this case involved different issues, a defense, or adversarial presentations to a jury, that interest in uniformity would be greatly diminished. This case, however, involves none of those. As such, the Court can promote the interests of consistency and uniformity by assessing the damages here.

### E. Hearing on Damages

The Court having found that "liability is established, it must then determine damages." Allstate Ins. Co. v. Frost, No. 3:16-CV-00134-RJC-DSC, 2018 WL 1175230, at *3 (W.D.N.C. Mar. 6, 2018) (Conrad, J.) (citation omitted). The Court must make an independent determination regarding damages and cannot accept factual allegations of damages as true. Fed. Rule Civ. P. 55; S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. J & J Sports Prods., Inc. v. Sisniega, No. 3:12-CV-392-FDW-DSC, 2013 WL 3899664, at *2 (W.D.N.C. July 29, 2013) (Whitney, J.) (citation omitted).

Here, the Plaintiff has not provided evidence from which the Court can ascertain the statutory damages that should be awarded under the Copyright Act and the DMCA. As such, the Court will set a hearing at a later date to allow the Plaintiff to present evidence regarding the statutory damages that should be awarded in this case.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Entry of Default Judgment on Liability and Request for Jury Trial on Damages [Doc. 19] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion is **GRANTED** with respect to the Plaintiff's Motion for Default Judgment as to the Defendants' liability for copyright infringement and violations of the DMCA.

(2) The Motion is **DENIED** with respect to the Plaintiff's request for a jury trial.

**IT IS SO ORDERED.**

Signed: July 23, 2020

Martin Reidinger
Chief United States District Judge